■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOLORES MILLER, Appellant.— ▮ Memorandum: After argument of this appeal in May, 1967, *Berger* v. *New York*, (388 U. S. 41) was decided. We thereupon directed reargument of the appeal (28 A D 2d 819). Appellant was convicted in February, 1965 of four counts of violation of section 80 (abortion) of the Penal Law. (The first count of the indictment was dismissed at the end of the People's case.) Upon reargument of the appeal counsel for the respective parties agreed that counts two, four and five should be dismissed as the proof to establish guilt as to those counts was in part the "fruits" of eavesdropping devices barred under the decision in *Berger* (*supra*). The order to be eventually entered by this court deciding all aspects of the appeal accordingly will provide for the dismissal of counts two, four and five. Counsel for appellant concedes, however, that the record is unclear as to whether or not the eavesdropping devices played any part in gathering evidence as to the third count of the indictment. This is so because of a further complication in the case. There was trial proof that prior to the return of the indictment two separate and distinct electronic eavesdropping devices had been utilized pursuant to court orders (Code Crim. Pro., § 813-a). The first was a "tap" that intercepted and recorded conversations had over a telephone in defendant's residence. The second device enabled the officers to record conversations taking place in the residence whether or not the telephone was being used. Upon the trial the several orders authorizing such

acts and the continuance thereof were received in evidence. The court, however, denied defendant's application to inspect the supporting affidavits upon which the several orders were made although such documents were marked as court exhibits — presumably for appellate review thereof. Subsequent to the trial *People* v. *McCall* (17 N Y 2d 152) was decided. The People now concede that in the light of that decision the application to examine the supporting papers should have been granted. The necessity for such examination has become doubly necessary in view of the decision in *Berger (supra)*. In accordance with recognized procedure (*People* v. *McDonnell*, 18 N Y 2d 509; *People* v. *Fino*, 27 A D 2d 689) the action is remanded to the trial court. There should be a hearing centered upon the third count of the indictment following which the trial court should make an adjudication as to whether the proof as to this count was fatally infected by the use of the "fruits" of any of the eavesdropping devices. Prior to such hearing there should be made available to appellant copies of the several orders authorizing the use of the respective electronic eavesdropping devices and the supporting affidavits upon which they were made. While this might have been initially sufficient to make an adjudication as to the legality and sufficiency of the orders in the light of *People* v. *McCall (supra)* a new dimension has been added by *Berger (supra)*. During the trial some 1,100 transcriptions or recordings, or both, were made available to defense counsel. It has been suggested, however, that in view of the time element there may have been insufficient opportunity for counsel to evaluate this mass of information. Prior to the hearing all transcriptions and recordings obtained as a result of the respective orders shall be made available to appellant. (Reargument of appeal [28 A D 2d 819]) from judgment of Erie County Court, convicting defendant of abortion.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.